UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONSOLIDATED PIPE & SUPPLY, CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-622 |
| ) | (SHIRLEY) |
| V. ) | |
| ) | |
| ROWE TRANSFER, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12]. On the afternoon of September 25, 2012, the parties filed competing motions regarding the deposition of Tom Kulwicki, an employee of AK Tube, LLC, a non-party to this lawsuit. The Court conducted a motion hearing, via telephone on September 25, 2012. Attorney Evan Moltz participated for the Plaintiff, and Attorney Michael McGovern participated for the Defendant.

A subpoena endorsed and served on August 27, 2012, directed that Mr. Kulwicki's deposition would take place on September 21, 2012, in Walbridge, Ohio. [Doc. 25-1]. Counsel for the Defendant had a conflict at this date and time, and the deposition was, therefore, reset. A subpoena endorsed and served on September 24, 2012, directed that the deposition would be taken September 28, 2012, via video conference from Birmingham with the deponent in Walbridge, Ohio. [Doc. 25-2].

On September 25, 2012, the Defendant moved for a protective order directing that Mr. Kulwicki's deposition be taken in Walbridge, Ohio, rather than being taken by video conference. [Doc. 25]. Counsel for the Defendant submitted that he "had not stipulated to the remote taking of Kulwicki's deposition by plaintiff's counsel and no arrangements had been made, or requested, for the remote participation of defendant's counsel." [Doc. 25 at 2]. Counsel submitted that the parties agreed only to change the date of the deposition, and he had already made travel arrangements to appear in Walbridge, Ohio, on September 28. [Doc. 25 at 1-2]. In the alternative to ordering Plaintiff's counsel to appear in Walbridge, Defendant proposed that Plaintiff or its counsel pay $150.00, representing the airline cancellation fee to be incurred by counsel for the Defendant if the deposition was taken by video conference. [Doc. 25 at 4].

The Plaintiff moved the Court to permit its counsel to participate in Mr. Kulwicki's deposition via video conference. [Doc. 26]. Counsel for the Plaintiff represented that during his conversation with counsel on September 27, 2012, he "stated his intention to take the deposition by video conference in an effort to minimize costs." [Doc. 26 at 2]. Counsel for the Plaintiff submitted that his participation by phone would not prejudice the Defendant. [Doc. 26 at 3].

Thus, when the parties came before the Court, the issue was when, where, and by what means Mr. Kulwicki's deposition would be accomplished. The Court was also faced with resolving the apparent conflict in counsel's respective memories of their conversations about the deposition. The Court heard from the parties, reconciled their recollections, and reviewed the costs involved in traveling and the costs involved in video conferencing– approximately $200-275 per hour from vendor in the Eastern District of Tennessee.

Having heard from the parties, the Court **ORDERED** that: (1) the deposition will take remain as set on September 28, 2012; (2) counsel for the Plaintiff will pay $150.00 to counsel for the Defendant, representing the change fee for the travel arrangements that have been made; and (3) Plaintiff and Defendant will each pay for their respective video-conferencing time[1] used in examining Mr. Kulwicki. The parties motions **[Docs. 25 and 26]** are **GRANTED IN PART** and **DENIED IN PART** consistent with this ruling.

    **IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Each party estimated that their respective examinations would each take one hour.