UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CONSOLIDATED PIPE & SUPPLY, CO., INC., )
)
　　　　Plaintiff - Counterdefendant, )
) No. 3:11-CV-622
) (SHIRLEY)
V. )
)
ROWE TRANSFER, INC., )
)
　　　　Defendant - Counterplaintiff. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12]. Now before the Court is Rowe Transfer's Motion for Judgment as a Matter of Law [Doc. 84]. For the reasons stated herein, the motion will be **DENIED.**

**I.　　BACKGROUND**

This case proceeded to trial on June 4, 2013. A jury was empaneled on June 4, 2013, and Consolidated Pipe & Supply Co. ("Consolidated") presented its proof. On June 5, 2013, the parties and the Court convened to discuss the jury charge and hear an oral Motion for Judgment as a Matter of Law in a Jury Trial, to be presented by Rowe Transfer, Inc., ("Rowe"). The Court heard Rowe's Motion for Judgment first. The Court and, apparently, Consolidated were surprised to hear that the Motion for Judgment was based upon a lack of subject-matter jurisdiction.

The Court heard the parties' oral arguments on the issue of subject-matter jurisdiction. The jury panel had arrived at the courthouse for the day, and after hearing from the parties, the Court determined that the parties' interests and the interests of judicial economy would be best served by concluding the presentation of the parties' proof prior to ruling on the issue. After the parties concluded their proof on June 5, 2013, the jury panel was dismissed for the day, and the parties and the Court were given an opportunity to research the issues raised by Rowe. The parties and the Court reconvened on June 6, 2013, and the Court announced its ruling.

The Court found that Rowe's motion was not well-taken and the Court retained subject-matter jurisdiction over this case pursuant to the Carmack Amendment. In rendering its decision, the Court considered *inter alia* the text of the Carmack Amendment, 49 U.S.C. § 14706(a)(1), and Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC, 2013 WL 840664 (N.D. Tex. 2013); United States Sugar Co., Inc. v. American Sweetners, 750 A.2d 344 (Pa. Super. 2000); Banos v. Eckerd Corp., 997 F. Supp. 756 (E.D. La. 1998); Harrah v. Minnesota Mining & Mfg. Co., 809 F. Supp. 313 (D.N.J. 1992); Cowan Systems LLC v. Choctaw Transport, Inc., 2011 WL 2791248 (D. Md. July 14, 2011); and OneBeacon Insurance Company v. Haas Industries, Inc., 567 F. Supp. 2d 1138 (N.D. Cal. 2008).

Having considered the statute and these cases, the Court noted, first, that the statute itself says a bill of lading is not required to recover and much of the available case law indicates that the owner of the goods or the holder of a beneficial interest may recover under the Amendment regardless of whether it is named on the bill of lading. The Court found that Consolidated was entitled to recover pursuant to the Carmack Amendment because it was the owner of the damaged pipes at the time of shipment, during the shipment, and at the time the pipes arrived at their destination.

2

Following the Court's ruling this case was submitted to the jury for decision. On June 6, 2013, the jury rendered verdict in favor of Consolidated on its claims in the amount of $16,816.00 and a verdict in favor of Rowe on its counterclaim in the amount of $9,235.00. [Doc. 80]. Judgment was entered the following day, [Doc. 82], and on July 5, 2013, Rowe filed the instant Motion for Judgment as a Matter of Law [Doc. 84]. Consolidated has responded in opposition [Doc. 90], and Rowe has filed a final reply, [Doc. 91]. The Court, thus, finds that this matter is ripe for adjudication.

## II.   POSITIONS OF THE PARTIES

It is undisputed that the Court's subject-matter jurisdiction in this case is founded upon "federal question" jurisdiction provided for in 28 U.S.C. § 1331. Specifically, the parties previously agreed that the Court has jurisdiction because Consolidated's claim is brought pursuant to the Carmack Act, 49 U.S.C. § 14706. Further, the parties agreed at the beginning of the trial that AK Tube, a non-party, was listed in the bills of lading as the shipper of the pipes at issue in this case, but through their pleadings, the parties established that Consolidated held title to the pipes during the relevant period.

Rowe argues that the Court, in fact, lacks subject-matter jurisdiction because the Carmack Act provides a remedy to shippers or persons listed in a bill of lading. Rowe maintains that Consolidated, the plaintiff on the Carmack claim, is not a shipper nor is it listed in the bill of lading. Rowe recognizes that under certain circumstances – *i.e.* where an assignment of rights has been made or a shipper has subrogated its rights as a shipper – another entity may step into the shoes of the shipper for purposes of the Carmack Amendment. Rowe maintains, however,

3

that Consolidated failed to demonstrate that an assignment put it in the position of shipper, for purposes of the Carmack Amendment claim.

Rowe argues that the Court's finding that Consolidated was the owner of the pipes is an error. Rowe argues that the Court should disregard Rowe's previous stipulations that Consolidated was the owner of the pipes and that the pipes were shipped "FOB point of origin," as inconsistent with the evidence at trial. Moreover, Rowe argues that, even if the Court were to assume *arguendo* that Consolidated was the owner of the property, it is still not entitled to recover under the Carmack Amendment, because it is not named in the bill of lading.

In response, Consolidated argues that it owned the pipes that were allegedly damaged in shipping. It argues that title to the pipes transferred to Consolidated at the time the trucks carrying the pipes left the AK Tube facility, and Consolidated maintains that it remains the owner of the pipe because the pipe was rejected by Tennessee Tube. Consolidated contends that it suffered the actual loss to be remedied under the Carmack Act. Consolidated argues that, as the owner of the pipe, it should be allowed to proceed as a plaintiff on the claim plead under the Carmack Act. Consolidated maintains that Rowe is bound by its admissions in the pleadings and that its admission regarding ownership dispensed with any need for Consolidated to submit its proof of ownership of the pipes at trial.

4

## III. ANALYSIS

The Court will address the various issues presented by the Motion for Judgment as a Matter of Law in turn.

### A. Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

With regard to subject-matter jurisdiction, the Complaint alleges: "This Court has federal question jurisdiction under 28 U.S.C. § 1331 as Consolidated Pipe's claims arise under the Carmack Amendment, 49 U.S.C. § 14706, and its accompanying federal regulations, 49 C.F.R. § 1001.1 et seq." [Doc. 1 at ¶ 3]. In its Answer, Rowe did not take issue with this allegation, and instead, stated: "Subject matter jurisdiction is admitted." [Doc. 8 at ¶ 3].

The Pretrial Order in this case was reviewed and proposed by both parties. The Pretrial Order was entered by the undersigned on June 4, 2013. It states: "The Court has federal question jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). The parties do not dispute the Court's jurisdiction." [Doc. 73 at 1].

Notwithstanding, "[o]bjections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Center, 133 S.Ct. 817, 824 (2013). As the Supreme Court of the United States recently observed, "Tardy jurisdictional objections can therefore result in a waste of adjudicatory resources and can disturbingly disarm litigants." Id. Thus, when this tardy objection was presented as a jurisdictional issue, the undersigned entertained it on the basis that its jurisdictional ties saved it from being deemed waived.

As an initial matter and on further reflection about this issue, the undersigned has certain reservations about whether the issue presented by Plaintiff is one of subject-matter jurisdiction. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question

5

is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Rowe has not argued that the Plaintiff has failed to plead a claim supporting federal-question jurisdiction.

Instead, Rowe argues that Consolidated has not demonstrated a right to recovery under the operative bill of lading, and thus, has not fulfilled the criteria of the Carmack Amendment. Thus, Rowe's argument is, for example, somewhat akin to arguing that a court lacks subject-matter jurisdiction over a claim for religious discrimination under Title VII because the plaintiff has not demonstrated that she is a member of a protected class. It appears that Rowe argues that an alleged failure to prove a prerequisite to recovery – that Consolidated is a person entitled to recover pursuant to a bill of lading – is tantamount to failing to plead a federal question. To the contrary, such failures to plead an element or prerequisite are subject to challenge through a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) rather than a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) – or in this case, a mid-trial oral motion to dismiss for lack of subject-matter jurisdiction.

In reviewing the basis for Rowe's motion, Court finds that the issue raised by Rowe is not a motion to dismiss for a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). It is, instead, a motion for dismissal based upon a failure to state a claim pursuant to Rule 12(b)(6). Therefore, the Court finds that the issue was **WAIVED** by Rowe through its failure to timely file such motion and the admissions contained in its pleadings.

### B.  The Limits of the Carmack Amendment

Notwithstanding, when this issue was raised – abruptly, at the close of Consolidated's proof – the undersigned was caught short. Both the undersigned and the parties treated this issue

6

as one of subject-matter jurisdiction issue. Therefore, in the alternative, the Court finds that Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon the federal question presented with regard to the Carmack Amendment. Within the context of Rule 50 of the Federal Rules of Civil Procedure, the Court finds that Rowe has not demonstrated that a reasonable jury would not have a legally sufficient evidentiary basis to find for Consolidated and that the issue of Consolidated's right to recover in this case should be decided against it. See Fed. R. Civ. P. 50(a)-(b).

The pertinent portion of the Carmack Amendment provides:

> **Motor carriers and freight forwarders.** — A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C.A. § 14706(a)(1).

The Court's decision at trial rested upon two alternative findings: first, Consolidated was entitled to recover pursuant to the Carmack Amendment because it was the owner of the damaged pipes at the time of shipment, during the shipment, and at the time the pipe arrived at its destination; and second, Consolidated was entitled to recover regardless of whether it is

7

named on the bill of lading. For the reasons stated herein, the Court finds that Rowe has not demonstrated that the Court should reverse its prior decision and resolve these issues against Consolidated.

With regard to Consolidated's status as an owner, the Court finds that Rowe conceded the same in its pleadings and in its oral argument on this issue. Consolidated alleged in Paragraph 6 of its Complaint that it "held title to the pipe during its transportation." [Doc. 1 at ¶ 6]. In its Answer, Rowe responded by stating that "[u]pon information and belief, the allegations of Paragraph 6 are admitted." [Doc. 8 at ¶ 6]. At oral argument on this issue, counsel for Rowe twice conceded that Consolidated was the owner of the pipes, stating: "They keep using the term 'owner,' that we own the pipes. We don't dispute that they own the pipes . . . . We'll concede that they were the owner of the pipe." [Doc. 90-1, Trial Tr. 15:9-11, 15:24].

Rowe now argues that it should not be obligated by its stipulations and admissions. The Court is not persuaded and adopts the position previously taken by the Sixth Circuit that "[s]tatements in pleadings that acknowledge the truth of some matter alleged by an opposing party are judicial admissions binding on the party making them." See Ahghazali v. Sec'y of Health and Human Servs., 867 F.2d 921, 927 (6th Cir. 1989). To hold otherwise would nullify the use of stipulations or responsive pleading and would invite an incredible waste of judicial and litigant resources in trying matters that are not in dispute.

Further, with regard to Rowe's position that its stipulations and admissions should be disregarded as inconsistent with the evidence, the Court finds that Rowe has not demonstrated that the stipulations and admissions are inconsistent with the evidence. Specifically, Dean Acuff's undisputed testimony establishes that Consolidated purchased the pipes from AK Tube and paid the invoice it received. [Doc. 85-1 at 21:1-23]. Rowe argues that, because Acuff did

not state a specific date on which the purchase was completed, his testimony does not demonstrate ownership. The Court finds this argument unpersuasive, particularly were Rowe has not offered any sworn testimony or evidence to the contrary.

The Court reaffirms its finding that Consolidated was the owner of the pipe, and as a result, may step into the shoes of the shipper. Therefore, the Court finds that Rowe has not demonstrated that the Court should rule – as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure – that Consolidated was precluded from recovering under the Carmack Amendment. See Banos v. Eckerd Corp., 997 F. Supp. 756, 762 (E.D. La. 1998) ("[C]onsignors, holders of the bills of lading issued by the carrier, and persons beneficially interested in the shipment although not in possession of the actual bill of lading, in addition to shippers, have standing to sue under the Carmack Amendment."); see also Harrah v. Minnesota Mining & Mfg. Co., 809 F. Supp. 313, 318 (D.N.J. 1992) ("Cases interpreting the Act have confined the right to sue to shippers or consignors, holders of the bill of lading issued by the carrier or persons beneficially interested in the shipment although not in possession of the actual bill of lading, buyers or consignees, or assignees thereof.").

Accordingly, the Court finds that Rowe has not demonstrated that a reasonable jury would not have a legally sufficient evidentiary basis to find for Consolidated and that the issue of Consolidated's right to recover in this case should be decided against it. See Fed. R. Civ. P. 50(a)-(b).

9

Case 3:11-cv-00622-CCS   Document 96   Filed 12/11/13   Page 9 of 10   PageID #: 737

### III. CONCLUSION

In sum, and for the reasons stated herein, Rowe's Motion for Judgment as a Matter of Law **[Doc. 84]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    <u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge